# EXHIBIT A-1

**IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Case No.

TERRI ARMSTEAD-WILLIAMS,

  **Plaintiff,**

**v.**

**TRANS UNION LLC** and
**JEFFERSON CAPITAL SYSTEMS LLC**,

  **Defendants.**

_____/

## COMPLAINT

  Plaintiff Terri Armstead-Williams ("Plaintiff") sues Trans Union LLC ("Trans Union") and Jefferson Capital Systems LLC ("Jefferson") for declaratory and supplemental relief and for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq..

## INTRODUCTION

  1. This action arises from Trans Union's failure to provide Plaintiff with a complete disclosure of her consumer file and its continued reporting of incomplete, inaccurate, and misleading information despite Plaintiff's disputes, and  Jefferson's unlawful attempts to collect and report a debt while failing to maintain documentation required by Florida law as a condition of licensure and while reporting incomplete, misleading, and harmful information to Trans Union.

## JURISDICTION AND VENUE

  2. This is an action for declaratory and supplemental relief under Chapter 86, Florida Statutes, and for damages under the FCRA, FDCPA, and FCCPA.

3. Venue is proper in Hillsborough County because Plaintiff resides here, Defendants conduct business here, and the acts and omissions giving rise to this action occurred here.

4. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The amount in controversy is greater than  exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Hillsborough County, Florida.

6. Trans Union is a Delaware limited liability company, with its principal place of business at 555 South Flower Street, Los Angeles, CA 90071.

7. Jefferson is a/an Georgia limited liability company, with its principal place of business located in St. Cloud, Minnesota.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

### *ALLEGATIONS AS TO TRANS UNION*

9. Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

10. Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

11. Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

Page **2** of **33**

12.    This action is the result of Trans Union's multiple failures to comply with the FCRA, whereby Trans Union [1] failed to conduct reasonable investigation regarding information disputed by Plaintiff; [2] failed to consider all relevant information submitted by Plaintiff; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiff as disputed; [5] failed establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes; [7] failed to provide a complete or accurate disclosure of Plaintiff's file.

13.    On or about January-2025, Plaintiff requested a complete disclosure of Plaintiff's file from Trans Union.

14.    On or about January-2025, Trans Union provided an incomplete disclosure of Plaintiff file.

15.    The incomplete disclosure provided by Trans Union on or about January-2025 omitted full account numbers, positive payment histories, dates, status, and the identity of prior and current creditors, even though the omitted information that was provided to Trans Union by the furnisher of each account.

16.    The information omitted from the disclosure provided by Trans Union on or about January-2025 was contained within Trans Union's file regarding Plaintiff at the time of the request.

17.    In reviewing what limited information was provided by Trans Union, Plaintiff discovered a debt collection account reported by Jefferson that she did not recognize (the "Account").

18. Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, the account reported by Jefferson.

19. The Account is inaccurate and incomplete.

20. The Account lacked essential identifying and contextual information, including the original date the account was opened, the date it was closed, the account number, payment history, and other details necessary for Plaintiff to identify or verify the debt.

21. The incomplete reporting of the Account materially hindered Plaintiff's ability to determine whether the debt was valid, collectible, time-barred, or otherwise enforceable.

22. The incomplete reporting of the Account prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that would have improved her creditworthiness if reported.

23. The incomplete reporting of the Account caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished her creditworthiness.

24. On or about January-2025, Plaintiff notified Trans Union in writing that the Account was incomplete and inaccurate.

25. As part of the January-2025 dispute, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

26. As part of the January-2025 dispute, Plaintiff included a copy of Plaintiff's driver's license, copy of social security card and, a bill.

27. As part of the January-2025 dispute, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

28. Trans Union received the January-2025 dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

Page **4** of **33**

29.     Despite receiving the January-2025 dispute, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

30.     Despite receiving the January-2025 dispute, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

31.     Despite receiving the January-2025 dispute, Trans Union continued to report the Account inaccurately.

32.     Despite receiving the January-2025 dispute, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

33.     Despite receiving the January-2025 dispute, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

34.     As a result of Trans Union's failure to take appropriate action in response to the January-2025 dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Trans Union.

35.     On or about March-2025, Plaintiff continued to notify Trans Union in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

36.     On or about March-2025, Plaintiff notified Trans Union in writing that the Account was false, inaccurate, and incomplete.

37.     The written correspondence Plaintiff sent to Trans Union on March-2025, contained a brief statement setting forth the nature of the dispute.

38.     As part of the written dispute Plaintiff sent to Trans Union on March-2025, Plaintiff requested a copy of Plaintiff's credit report from Trans Union.

39.     Plaintiff required a full and complete copy of Plaintiff's credit report from Trans Union so to ensure, among other things, the information about Plaintiff, as maintained by Trans Union, was appropriately accurate and complete.

40.     Plaintiff requested a copy of Plaintiff's credit report directly from Trans Union in writing because obtaining a copy directly from Trans Union online required Plaintiff to create an account and agree to undesignable terms and conditions, and requesting a copy from Trans Union over the phone lacked desired privacy.

41.     As part of the written dispute Plaintiff sent to Trans Union on March-2025, Plaintiff included a copy of Plaintiff's driver's license, copy of social security card and, a bill.

42.     By and through the written dispute Plaintiff sent to Trans Union on March-2025, Plaintiff provided Trans Union with proper identification and sufficiently requested a copy of Plaintiff's credit report.

43.     Trans Union received the dispute sent by Plaintiff on or about March-2025, and transmitted such to each entity that furnished information disputed by Plaintiff.

44.     Despite receiving the dispute sent by Plaintiff on or about March-2025, Trans Union failed to include of statement of dispute in Plaintiff's credit file.

45.     Despite receiving the dispute sent by Plaintiff on or about March-2025, Trans Union failed to conduct any investigation into the accuracy of Plaintiff's credit report.

46.     Despite receiving the dispute sent by Plaintiff on or about March-2025, Trans Union continued to report incomplete and inaccurate information disputed by Plaintiff.

47.     Despite receiving the dispute sent by Plaintiff on or about March-2025, Trans Union continued to report the Account inaccurately.

48.     Despite receiving the dispute sent by Plaintiff on or about March-2025, Trans Union failed to provide Plaintiff with a copy of Plaintiff's credit report.

49.     Despite receiving the dispute sent by Plaintiff on or about March-2025, Trans Union failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

50.     Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

51.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

52.     Trans Union failed to conduct a reasonable investigation into Plaintiff's disputes.

53.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

54.     Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Account despite the information Plaintiff provided to it (Trans Union).

55.     Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's disputes and, instead, chose to parrot the information it (Trans Union) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

56.     Trans Union possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Trans Union failed to correct the information.

57. Trans Union's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

58. Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

59. Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

### *ALLEGATIONS AS TO JEFFERSON*

60. On a date better known by Jefferson, Jefferson began attempting to collect a debt (the "Alleged Debt") from Plaintiff.

61. The Alleged Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the original creditor of the Alleged Debt, of whom is not Jefferson, and Plaintiff.

62. Jefferson is a business entity engaged in the business of soliciting consumer debts for collection.

63. Jefferson is a business entity engaged in the business of collecting consumer debts.

64. Jefferson regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

65. Jefferson is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

66. Jefferson's "Consumer Collection Agency" license number is CCA9901497.

Page **8** of **33**

67.    Jefferson is required to maintain, and keep current within seven days, all the information and documentation required by Florida Administrate Code Rule 69V-180.080 with respect to the accounts placed with it for collection involving Plaintiff.

68.    Jefferson is required to maintain, and keep current within seven days, Plaintiff's name and address. Fla. Admin. Code R. 69V-180.080(3)(a).

69.    Jefferson is required to maintain, and keep current within seven days, the date any account relating to Plaintiff was placed with Jefferson for collection. Fla. Admin. Code R. 69V-180.080(3)(b).

70.    Jefferson is required to maintain, and keep current within seven days, the original account number associated with each account placed with Jefferson for collection that involves Plaintiff. Fla. Admin. Code R. 69V-180.080(3)(b).

71.    Jefferson is required to maintain, and keep current within seven days, the actual amount of the Alleged Debt submitted to Jefferson for collection by the creditor. Fla. Admin. Code R. 69V-180.080(3)(c).

72.    Jefferson is required to maintain, and keep current within seven days, all payments made by Plaintiff for each account placed with Jefferson for collection, the date of each payment, the amount of each payment, and any remaining balance after each payment. Fla. Admin. Code R. 69V-180.080(3)(e).

73.    Jefferson is required to maintain, and keep current within seven days, all documentation provided by the creditor that relates to Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(a).

74. Jefferson is required to maintain, and keep current within seven days, the date Plaintiff incurred the underlying debt and the date of the last payment made by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(b).

75. Jefferson is required to maintain, and keep current within seven days, the identity of the original creditor of the debt placed with Jefferson for collection as known by Plaintiff. Fla. Admin. Code R. 69V-180.080(9)(c).

76. Jefferson is required to maintain, and keep current within seven days, the amount of each debt involving Plaintiff at the time of charge off. Fla. Admin. Code R. 69V-180.080(9)(d).

77. Jefferson is required to maintain, and keep current within seven days, copies of all letters, emails, and correspondence, whether written or electronic, sent to Plaintiff that relate to the account placed with Jefferson for collection. Fla. Admin. Code R. 69V-180.080(10).

78. Further, Jefferson is required to have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

79. Jefferson is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

80. Jefferson is a "person" within the meaning of Fla. Stat. § 559.72.

81. Jefferson reported a debt allegedly owed by Plaintiff to Trans Union in an attempt to collect said debt (the "Alleged Debt").

82. Jefferson reported the Alleged Debt to Trans Union in connection with the collection of a debt.

83. Jefferson reported false, misleading, incomplete, and inaccurate information regarding the Alleged Debt and Plaintiff to Trans Union (the "Volitive Information").

84. The Volitive Information includes, but is not limited to, the failure to report the payment history associated with the Alleged Debt, the date opened, the date Plaintiff first became delinquent, the status, and amount.

85. The Volitive Information is false, misleading, incomplete, and otherwise inaccurate because the history of payments made towards the Alleged Debt is completely omitted, the date opened reported by Defendant is more recent than accurate, the date Plaintiff first became delinquent reported by Defendant is more recent that accurate, and the amount reported exceeds the amount actually owed.

86. Jefferson recklessly, and with complete disregard as to the consequences of its misconduct, reported false, misleading, incomplete, and otherwise inaccurate information regarding Plaintiff to Trans Union in an attempt to collect the Alleged Debt.

87. Jefferson's failure to maintain the minimum mandatory records voids, the natural consequence was false, incomplete, and inaccurate reporting of the Alleged Debt, voids Jefferson's Consumer Collection Agency license.

88. As a result of Jefferson reporting the Volitive Information, the Alleged Debt will erroneously remain on Plaintiff's credit for more time than allowed by law and negatively effects Plaintiff's credit worthiness.

89. As a result of Jefferson reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have been delinquent more recently than accurate.

90. As a result of Jefferson reporting the Volitive Information, Plaintiff's creditworthiness will be negatively impacted because it makes Plaintiff appear to have never made any payments towards the Alleged Debt.

Page **11** of **33**

91.    As a result of Jefferson reporting the Volitive Information, or more pointedly, failing to report the payments previously made by Plaintiff towards the Alleged Debt, makes it appear as though no payments towards the Alleged Debt have ever been made and that the amount Jefferson seeks to collect is the full and original amount Plaintiff allegedly agreed to pay.

92.    On or about January-2025, Plaintiff obtained copies of Plaintiff's credit reports from Trans Union to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness.

93.    Upon reviewing Plaintiff's credit reports, Plaintiff learned that Jefferson was reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Alleged Debt.

94.    On or about January-2025, Plaintiff began notifying Trans Union that the Alleged Debt, as reported by Jefferson, was false, incomplete, and inaccurate (the "Initial Dispute").

95.    Trans Union transmitted the Initial Dispute to Jefferson.

96.    Despite receiving the Initial Dispute from Trans Union, Jefferson failed to timely conduct a reasonable investigation into the Alleged Debt and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

97.    Despite Jefferson failing to conduct an independent, reasonable investigation into the Initial Dispute, Plaintiff continued disputing the Alleged Debt with Trans Union, of whom transmitted Plaintiff's additional disputes to Jefferson.

98.    On or about March-2025, Plaintiff continued to dispute the Alleged Debt with Jefferson by and through disputes to Trans Union (the "Additional Disputes").

99.    Jefferson received each of Plaintiff's disputes regarding the Alleged Debt from Trans Union, as well as other credit reporting agencies.

Page **12** of **33**

100.    Jefferson failed to conduct an independent, reasonable investigation into the Alleged Debt in response to the disputes it received from Trans Union and, as a result, allowed false, inaccurate, and incomplete information to persist on Plaintiff's credit reports.

101.    As a result of Jefferson reporting the Volitive Information to Trans Union in connection with the collection of the Alleged Debt, Plaintiff expended time drafting disputes to Trans Union regarding the Volitive Information, as well as incurring the cost of mailing the disputes Trans Union.

102.    Plaintiff wasted time drafting and mailing the disputes to Trans Union as a result of Jefferson reporting of the Volitive Information in connection with the collection of a debt.

103.    Plaintiff incurred more than $10.00 in costs mailing the disputes Trans Union as a result of Jefferson reporting the Volitive Information in connection with the collection of a debt.

104.    On or about April-2025, Jefferson continued to report the Volitive Information.

105.    On or about April-2025, Plaintiff obtained new copies of Plaintiff's credit reports from Trans Union to review for accuracy in preparation of seeking lines of credit, as well as other services that consider Plaintiff's creditworthiness, such as employment and insurance.

106.    Upon reviewing Plaintiff's credit reports, Plaintiff learned that Jefferson was still reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Alleged Debt.

107.    As a result of Jefferson reporting false, misleading, incomplete, and otherwise inaccurate information regarding the Alleged Debt to Trans Union, Plaintiff became upset, distressed, and on more than (2) occasions lost three (3) hours of sleep.

108.    Plaintiff became anxious as to whether Plaintiff would be able to correct Jefferson's reporting of the Volitive Information or whether Plaintiff would be forced to endure the negative

Page **13** of **33**

consequences of Jefferson's false, misleading, incomplete, and otherwise inaccurate information until more than seven years have passed from the delinquency date reported by Jefferson.

109. Jefferson lacks policies and procedures reasonably adapted to prevent reporting false, misleading, incomplete, and otherwise inaccurate information to Trans Union.

## COUNT 1
## DECLARATORY RELIEF
(AGAINST TRANS UNION)

110. Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

111. "In order to invoke jurisdiction under the Declaratory Judgment Act, the complaint must show that there is a bona fide, actual, present and practical need for the declaration; that the declaration will deal with present, ascertained or ascertainable state of facts, or present controversy as to a state of facts; that some immunity, power, privilege or right is dependent upon facts or law applicable to facts; that there is some person or persons who have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court; and that the relief sought is not merely the giving of legal advice by the courts or the answers to questions propounded from curiosity." Connelly v. Old Bridge Vill. Co-Op, Inc., 915 So. 2d 652, 655 (Fla. 2nd DCA. 2005)

112. Broad interpretation is to be given to the Declaratory Judgment Act Olive v. Maas, 811 So. 2d 644 (Fla. 2002). *Citing* Merle Wood & Assocs. v. Intervest-Quay Ltd. P'ship, 877 So. 2d 942, 943 (Fla. Dist. Ct. App. 2004).

113. A bona fide controversy exists regarding whether Trans Union is complying with its duties under the FCRA.

114. Plaintiff seeks a judicial declaration that Trans Union must: a. Disclose the complete contents of Plaintiff's consumer file, including all information furnished by Jefferson; b.

Page **14** of **33**

Include Plaintiff's dispute statement; and c. Refrain from suppressing or withholding furnished information.

115.    **WHEREFORE**, Plaintiff requests declaratory relief as set forth above, supplemental relief requiring full disclosure of her consumer file, and such further relief as the Court deems just and proper.

### COUNT 2
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681e(b)
(AGAINST TRANS UNION)

116.    Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

117.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

118.    Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

119.    Trans Union further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

120.    Trans Union further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

121.    Trans Union's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

Page **15** of **33**

122. Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

123. In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

124. The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Trans Union, was the direct and proximate result of Trans Union's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

125.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

126.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

127.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

128.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

129.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
## VIOLATION OF 15 U.S.C. § 1681i
### (AGAINST TRANS UNION)

130.    Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

Page **17** of **33**

131.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

132.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

133.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

134.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Trans Union on or about March-2025.

135.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

136.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about March-2025.

137.   Trans Union further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

138.    Trans Union further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in Plaintiff's credit report.

139.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Trans Union had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Trans Union had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

140.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

141.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

142.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

143.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

144.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

145.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 4**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681g(a)**
(AGAINST TRANS UNION)

146.    Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

147.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper

identification, of which included a copy of Plaintiff's driver's license, copy of social security card and, a bill.

148.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

149.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

150.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

151.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

152.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

153.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

154.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15

U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681g(a)
(AGAINST TRANS UNION)

155.    Plaintiff incorporates by reference paragraphs 9 through 59 of this Complaint.

156.    On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Trans Union's file at the time of Plaintiff's request.

157.    When Trans Union produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines are included in its reports, demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

158.    Complete account numbers are necessary for a consumer to research and evaluate the information contained therein.

159.    Trans Union owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers.

Page **22** of **33**

160.    Trans Union willful, or alternatively negligent, failure to provide full and complete account numbers thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

161.    Due to widespread systemic failures, Trans Union's automated system omits complete account numbers reported by data furnishers. Trans Union is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

162.    Despite the fact that the full account number was disclosed to Trans Union by the underlying furnisher and was otherwise part of Plaintiff's file at the time of Plaintiff's request on January-2025, Trans Union failed to disclose the full account number of the Account to Plaintiff.

163.    Trans Union 15 U.S.C. § 1681(a)(1) by failing to provide the complete account numbers, as such information is necessary for a consumer to research and evaluate the information contained therein.

164.    Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Trans Union breached its duty by failing to provide the complete account numbers, as such information is necessary for a consumer to be able to research and evaluate the information contained therein.

165.    Trans Union willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's complete disclosure of credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

166.    In the alternative, Trans Union negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

167.    The conduct, action, and inaction of Trans Union was willful, rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

168.    In the alternative, the conduct, action, and inaction of Trans Union was negligent, rendering Trans Union liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

169.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

170.    As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

171.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
### DECLARATORY RELIEF
(AGAINST JEFFERSON)

172.    Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

173.    A bona fide and actual controversy exists as to whether Jefferson: a. Was required under Florida law and the Florida Administrative Code to maintain certain documentation as a condition of licensure; b. Lost its legal authority to collect debts in Florida by failing to maintain such documentation; c. Was obligated to furnish complete and accurate account information to Trans Union, including information required to be maintained under Florida law; and d. Violated federal and state law by furnishing incomplete, misleading, or legally deficient information to a consumer reporting agency.

174.    Plaintiff seeks a judicial declaration resolving these issues and defining the scope of Jefferson's obligations under federal and Florida law.

175.    WHEREFORE, Plaintiff requests declaratory relief as stated above and supplemental relief requiring Jefferson to comply with its recordkeeping and reporting obligations.

## COUNT 7
### VIOLATION OF 15 U.S.C. § 1692e
(AGAINST JEFFERSON)

176.    Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

177.    Section 1692e of the FDCPA prohibits the use of "**false, deceptive, or misleading representation or means in connection with the collection of any debt**." 15 U.S.C. §1692e (emphasis added).

178.    As stated above, Jefferson reported false, misleading, incomplete, and otherwise inaccurate information to Trans Union in connection with the collect of a debt from Plaintiff. Pointedly, Jefferson failed to report the complete payment history, as well as falsely and/or

Page **25** of **33**

misleadingly represented the date opened, the date Plaintiff first became delinquent, the status, and amount.

179.    Thus, by reporting the Volitive Information to Trans Union, Jefferson made false, deceptive, and/or misleading representation in connection with the collect of the Alleged Debt. in violation of § 1692e of the FDCPA.

180.    As a result of Jefferson reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Alleged Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

181.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Jefferson, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

### COUNT 8
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
(AGAINST JEFFERSON)

182.    Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

183.    The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he false representation of the character, amount, or legal status of any debt**." 15 U.S.C. § 1692e(2)(A). (emphasis added).

184.    As stated above, Jefferson reported false, misleading, incomplete, and otherwise inaccurate information to Trans Union in connection with the collect of a debt from Plaintiff.

Pointedly, Jefferson failed to report the complete payment history, as well as falsely and/or misleadingly represented the date opened, the date Plaintiff first became delinquent, the status, and amount.

185.    Thus, by reporting the Volitive Information to Trans Union, Jefferson made false representations regarding the character, among, and legal status of the Alleged Debt in violation of § 1692e of the FDCPA.

186.    As a result of Jefferson reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Alleged Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

187.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Jefferson, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

### COUNT 9
### VIOLATION OF 15 U.S.C. § 1692e(8)
(AGAINST JEFFERSON)

188.    Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

189.    The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[c]**ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false….**" 15 U.S.C. § 1692e(8). (emphasis added).

Page **27** of **33**

190.    As stated above, Jefferson reported false, misleading, incomplete, and otherwise inaccurate information to Trans Union in connection with the collect of a debt from Plaintiff. Pointedly, Jefferson failed to report the payment history, as well as falsely and/or misleadingly represented the date opened, the date Plaintiff first became delinquent, the status, and amount.

191.    Here, Jefferson knowingly chose to report the false, misleading, and/or otherwise incomplete information to Trans Union because the *correct* and *complete* information is among the information Jefferson is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Jefferson *must* possess to lawfully collect consumer debts from Florida consumers. Fla. Stat. § 559.553(1) ("A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.").

192.    As such, Jefferson communicated to any person credit information which is known or which should be known to be false in violation of § 1692e(8) of the FDCPA by falsely reporting the Volitive Information to Trans Union because the *correct* and *complete* information among the information Jefferson is required to obtain, retain, and keep up-to-date within seven (7) days, to maintain a valid Consumer Collection Agency with the Florida Office of Financial Regulation, of which Jefferson *must* possess to lawfully collect consumer debts from Florida consumers.

193.    As a result of Jefferson reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Alleged Debt, Plaintiff has sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

194.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Jefferson, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

**COUNT 10**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
(AGAINST JEFFERSON)

195.    Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

196.    The sixteen subsections of 15 U.S.C. § 1692e set forth a non-exhaustive list of additional practices that fall within this ban, including, but not limited to: "[t]**he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**" 15 U.S.C. § 1692e(10). (emphasis added).

197.    As stated above, Jefferson reported false, misleading, incomplete, and otherwise inaccurate information to Trans Union in connection with the collect of a debt from Plaintiff. Pointedly, Jefferson failed to report the complete payment history, as well as falsely and/or misleadingly represented the date opened, the date Plaintiff first became delinquent, the status, and amount.

198.    Thus, by reporting the Volitive Information to Trans Union, Jefferson used false representations and deceptive means to attempt to collect the Alleged Debt in violation of § 1692e(10) of the FDCPA.

199.    As a result of Jefferson reporting false, misleading, incomplete, and otherwise inaccurate information in connection with the collection of the Alleged Debt, Plaintiff has

sustained actual damages in the form of out-of-pocket expenses, time wasted, loss of sleep, distress, aggravation, and embarrassment.

200.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Jefferson, awarding Plaintiff the following relief: [1] actual damages as provided by 15 U.S.C. § 1692k; [2] statutory damages as provided by 15 U.S.C. § 1692k; [3] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [4] any other relief that this Court deems appropriate under the circumstances.

### COUNT 11
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(AGAINST JEFFERSON)

201.    Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

202.    On at least one occasion within the past two years, by example only and without limitation, Jefferson violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

203.    On at least one occasion within the past two years, by example only and without limitation, Jefferson violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

204.    On at least one occasion within the past two years, by example only and without limitation, Jefferson violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

205.    Upon information and belief, Jefferson was aware of the FCRA obligations to reasonably investigate dispute when it received notice of Plaintiff's disputes.

Page **30** of **33**

206.    When Jefferson received notice of Plaintiff's disputes from Trans Union, Jefferson could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

207.    Jefferson would have discovered that the information it was reporting about Plaintiff was inaccurate if Jefferson had reviewed its own systems and previous communications with Plaintiff.

208.    Jefferson's investigation was *per se* deficient by reason of these failures on Jefferson's investigation of Plaintiff's dispute.

209.    As a direct and proximate result of Jefferson's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

210.    Jefferson's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

211.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Jefferson, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(AGAINST Jefferson)

212.    Plaintiff incorporates by reference paragraphs 60-109 of this Complaint.

213.    On at least one occasion within the past two years, by example only and without limitation, Jefferson violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

214.    On one or more occasions within the past two years, by example only and without limitation, Jefferson violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

215.    On one or more occasions within the past two years, by example only and without limitation, Jefferson violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

216.    When Jefferson received notice of Plaintiff's disputes from Trans Union, Jefferson could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

217.    Jefferson would have discovered that the information it was reporting about Plaintiff was inaccurate if Jefferson had reviewed its own systems and previous communications with Plaintiff.

218.    Jefferson's investigation was *per se* deficient by reason of these failures on Jefferson's investigation of Plaintiff's dispute.

219.    As a direct and proximate result of Jefferson's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in

Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

220.    Jefferson's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

221.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Jefferson, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: December 8, 2025

Respectfully Submitted,

 /s/ Ivory Hadaway                               .
**IVORY HADAWAY, ESQ.**
Florida Bar No. 1043061
E-mail:    Ivory@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:    954-955-8298

*COUNSEL FOR PLAINTIFF*